UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Orlando Cabanday<br>Thomas Case | David Bass<br>Janine Cohen<br>Sandra Gamboa |

**Proceedings:** OSC WHY DEFENDANTS COLIN & HEDY FRIEDMAN SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATION OF PRELIMINARY INJUNCTION

OSC WHY DEFENDANT FARID MESHKATAI SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF PRELIMINARY INJUNCTION

OSC WHY DEFENDANTS EXECUTIVE LEGAL NETWORK, INC. & FARID MESHKATAI SHOULD NOT BE HELD IN CONTEMPT FOR FURTHER VIOLATIONS OF THE PRELIMINARY INJUNCTION

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF ORDER DISMISSING BANKRUPTCY CASE; REQUEST FOR ORDER CONFIRMING AUTOMATIC STAY IS TERMINATED (filed 5/20/08)

SCHEDULING CONFERENCE

## I.    INTRODUCTION

The facts and procedural history of this action are known to the parties and summarized in the Court's May 31, 2007 Order granting in part and denying in part the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

Spector defendants' motion for summary judgment.

    Plaintiffs, Fidelity National Financial, Inc. and Fidelity Express Network, Inc., are judgment creditors on a $13.5 million judgment awarded to plaintiffs on June 18, 2002, against defendants, Colin and Hedy Friedman ("the Friedmans") and Farid Meshkatai and Anita Kramer Meshkatai ("the Meshkatais") in <u>Fideliety Nat'l Fin., Inc. et al. v. Friedman, et al.</u>, Case No. CV 00-06902-GAF. Hedy Friedman and Anita Meshkatai are sisters, daughters of Noach and Anna Kramer. Plaintiffs have been able to collect only a nominal amount from the judgment debtors despite serving over ten levy and garnishment orders on judgment debtors' bank accounts and businesses. On July 6, 2006, plaintiffs filed a complaint in the present action, alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"); fraudulent conveyance in violation of California Civil Code § 3439.04 (the California Fraudulent Transfer Act); and conspiracy to defraud creditors against seven judgment debtor defendants and fifteen other persons and entities.[1] Compl. ¶¶ 27-32. On May 31, 2007, the Court granted in part defendants' motion for summary judgment, dismissing plaintiffs' RICO and conspiracy claims against defendant Medhi Ektefaie.

    On January 11, 2007, the Court granted plaintiffs' motion for preliminary injunction freezing defendants' assets, thereby enjoining defendants from withdrawing, transferring, assigning, conveying, pledging, hypothecating, dissipating, mortgaging, or disposing of in any manner the funds in their possession and any funds, assets, realty or

---

[1] The following are named defendants in plaintiffs' complaint: Colin H. Friedman, individually and as trustee of the Friedman Family Trust UDT; Hedy Kramer Friedman, individually and as trustee of the Friedman Family Trust UDT; Farid Meshkatai; Anita Kramer Meshkatai, individually and as trustee of the Anita Kramer Living Trust; Steven Spector, as trustee of the Kramer Family Trust, the Friedman Insurance Trust, the Negev Trust, the Brendon Friedman Trust, the Jason Friedman Trust, and the Elan Yosef Meshkatai and Arianna Meshkatai Irrevocable Trust; Lorraine Ross, as trustee of the Friedman Insurance Trust; Space Planners LLC, d/b/a Closets by Design; Azura International LLC; Worldwide Network, Inc.; Executive-Worldwide Inc.; Executive Legal Network, Inc.; KZE Attorney Service, Inc.; Worldwide Reprographics, Inc. d/b/a Simplex Reprographics; and Medhi Ektefaie.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

personalty, tangible or intangible, choses in action, or other property received, directly or indirectly, by defendants.  January 11, 2007 Order 15-16.  Notwithstanding these restrictions as to defendants' use of their assets, the Court's order permits the individual defendants to make such disbursements of their assets as required for necessary living expenses such as food, lights, utilities, and mortgage payments on their personal residences.  Id.  The Court's order also permits the entity defendants to make legally required disbursements to pay vendors, employees, and for day-to-day operations.  Id.  The Court's preliminary injunction order further requires defendants to maintain existing accounting records and file monthly accountings, showing income, expenses, and any transfer of assets.  Id. at 3.  On September 11, 2007, the Ninth Circuit Court of Appeals affirmed the Court's preliminary injunction order.

The Court stayed these proceedings on August 28, 2007, in light of then-pending mediation efforts.

On November 8, 2007, plaintiffs filed an *ex parte* application for an order to show cause why the Friedmans should not be held in contempt for violating the Court's January 11, 2007 preliminary injunction order.  On November 20, 2007, plaintiffs filed an *ex parte* application for an order to show cause why Farid Meshkatai should not be held in contempt for violating the Court's preliminary injunction order.  Also on November 20, 2007, the Court notified the parties that it would consider plaintiffs' *ex parte* applications upon the mediator's certification that there is no further basis for his conducting settlement discussions.  The mediator certified the completion of mediation on February 6, 2008.  On February 12, 2008, the Court lifted the stay.

On December 5, 2007, plaintiffs filed an *ex parte* application for an order to show cause why Executive Legal Network, Inc. ("ELN") and its owner, Farid Meshkatai, (collectively, "the Meshkatai defendants") should not be held in contempt for violating the Court's January 11, 2007 preliminary injunction order.  See Docket Nos. 456, 458.[2] On February 13, 2008, the Court issued an order to show cause why these defendants should not be held in contempt for violation the preliminary injunction.

---

[2] Plaintiffs' December 5, 2007 *ex parte* application encompasses and restates the issues raised in their November 20, 2007 *ex parte* application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

/ / /

On February, 22, 2008, after the Court received plaintiffs' notice of the filing of Anita Meshkatai's Chapter 11 bankruptcy petition, this action was automatically stayed. On April 4, 2008, the Court lifted the stay as to the nondebtor defendants. On May 20, 2008, plaintiffs filed a request for judicial notice of the order dismissing the case of In re Anita Kramer Meshkatai, Debtor, Case No. 07-BK-5071 JMM (Bankr. D. Ariz. 2008), for the purpose of lifting the automatic stay on this matter as to Anita Kramer Meshkatai. There being no opposition, the Court GRANTS this request for judicial notice.

Defendants filed oppositions to plaintiffs' *ex parte* applications on May 23, 2008. Plaintiffs filed replies on June 16, 2008. On June 19, 2008, defendants filed surreplies regarding whether the Friedmans and Farid Meshkatai should be held in contempt. A hearing was held on June 23, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.  DISCUSSION**

    **A.  The Friedmans**

On March 30, 2007, the Court permitted the Kramer Family Trust ("the Trust") to use $200,000 of its funds to continue renovating the Friedman's Arizona residence ("the Huntress property"), which is owned by the Trust. On October 19, 2007, the Trust filed an *ex parte* application for permission to make certain expenditures in connection with the Huntress property, in which it disclosed that, apart from the $200,000 released by the Court for renovating the Huntress property, the Friedmans had expended an additional $90,000 for renovations. See Docket 435.

Plaintiffs argue that the Friedmans did not have the Court's permission to expend this $90,000, and therefore, they are in violation of the Court's January 11, 2007 preliminary injunction order.

The Friedmans aver that they were compelled to spend the additional $90,000 for renovations due to cost overruns, including the cost of purchasing appliances. Declaration of Colin H. Friedman ¶ 5. The Friedmans claim that they paid the $90,000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

using their credit cards and that they have been making minimum monthly payments on this amount. Id. ¶¶ 9-10.

According to the Friedmans, their former attorney, Allen Hyman ("Hyman"), and the former attorney for the Trust, Hillel Chodos ("Chodos"), advised them that they should complete the renovations and that they should pay for these renovations using their personal credit cards. Id. ¶ 7. The Friedmans aver that these attorneys advised them that they might subsequently seek the Court's approval for the Trust to reimburse them for these additional renovation expenses. Id. The Friedmans claim that Hyman and Chodos initially agreed to indemnify them if the Friedmans were later deemed liable for making these charges on their credit cards. Id. ¶ 8. According to them, Hyman and Chodos subsequently denied that they had ever agreed to indemnify the Friedmans. Id.

The Friedmans maintain that they did not violate the preliminary injunction because they did not dispose of assets to pay the added cost of renovations. Additionally, the Friedmans contend that they should not be faulted because they relied on the advice of Hyman and Chodos.

The Court is unpersuaded by these arguments. By charging $90,000 to their credit cards, the Friedmans have encumbered their assets and exposed the Huntress property to added debt without leave of Court, in violation of the Court's preliminary injunction order. Moreover, the Court never authorized the Friedmans to make minimum payments on their credit card debt in connection with added renovation costs. These payments constitute further violations of the Court's preliminary injunction order.

It is also not credible that former counsel advised the Friedmans to incur such substantial credit card charges without leave of Court. While they represented the Friedmans in connection with these proceedings, Hyman and Chodos were diligent in seeking the Court's approval with regard to transactions involving assets subject to the Court's preliminary injunction order. It strains credulity to believe that these attorneys would have advised their clients not to disclose this substantial transaction to the Court or that they would have offered to indemnify the Friedmans in the event that doubts were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

raised about this transaction.[3]

Accordingly, the Court finds that the Friedmans have violated the Court's preliminary injunction order, and it hereby holds them in contempt of court. The Court hereby orders the Friedmans to pay to the Clerk of the Court the sum of $90,000 on the following terms and conditions: $6,000 per month until paid in full.

### B.  Farid Meshkatai

Plaintiffs argue that Farid Meskatai failed to disclose to the Court the deposit of $127,005 into his bank account between January and November 2007, in violation of the preliminary injunction order.[4] According to plaintiffs, the Meshkatais' bank account records indicate that they have spent all of these funds. Declaration of William Buckley ("Buckley Decl.") ¶ 18. Additionally, plaintiffs contend that Farid Meshkatai violated the preliminary injunction order when he failed to provide accountings for the periods March 1 through March 13, 2007, and April 19 through April 23, 2007, and failed to disclose deposits during the period May 2 through May 31, 2007.

The Meshkatai defendants respond with what they claim is a full disclosure of the unaccounted for deposits in the Meshkatais' bank account. Declaration of Farid Meshkatai ("Meshkatai Decl.") ¶ 6. The Meshkatai defendants maintain that they

---

[3] Even if the Friedmans' were following the advice of counsel when they engaged in this transaction, "[r]eliance upon the advice of counsel is not a defense to a civil contempt action." Jacobson v. Cox Paving Co., 1992 U.S. Dist. LEXIS 21234, at *11 (D. Ariz. 1992); SEC v. First Fin. Group, 659 F.2d 660, 670 (5th Cir. 1981) ("Reliance upon advice of counsel may be considered in mitigation of the sanction but does not constitute a defense to contempt of court.").

[4] In support of this argument, plaintiffs offer the declaration of their forensic accountant, William Buckley ("Buckley"), managing partner of Buckley and Associates. Although he concludes that the Meshkatais have failed to account for a total of $127,005 in deposits, as defendants note, the specific deposits to which he points to add up to only $104,505.46. Declaration of William Buckley ¶¶ 13-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

provided information regarding these deposits to their former attorney, Hyman, but that he inadvertently omitted these deposits from the information filed with the Court. Id. ¶ 5.

The Meshkatai defendants also claim to have filed accountings for the missing time periods. Id. ¶¶ 8-10, Exs. A-C. They contend that they previously provided this information to Hyman, and that they had believed that he had included this information in the accountings filed with the Court. Id. ¶ 9.

The Meshkatai defendants' arguments are unavailing. The Meshkatai defendants do not deny that the Farid Meshkatai failed to provide complete and accurate monthly accountings to the Court, in violation of the preliminary injunction. Whether or not he attempted in good faith to comply with the Court's order by regularly providing the complete and accurate information to his former attorney is immaterial. Stone v. San Francisco, 968 F.2d 850, 856-57(9th Cir. 1992) ("Intent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense."). Moreover, Farid Meshkatai signed the accountings that failed to disclose to the Court substantial monetary transactions. In these accountings, he declared, under penalty of perjury, that the information provided was true and correct. He cannot now claim that the inaccuracies in these disclosures are the result of his former attorney's error.

For these reasons, the Court finds and concludes that Farid Meshkatai has violated the Court's preliminary injunction order, and it hereby holds him in contempt of court.

### B. ELN and Farid Meshkatai

Plaintiffs argue that ELN, acting through Farid Meshkatai, failed to report its distribution of $158,529 from its general bank account to an undisclosed source during the period March 10 through April 10, 2007, in violation of the preliminary injunction order. Buckley Decl. ¶ 3, Exs. 24, 25. They contend that these funds were likely paid to the Meshkatais, also in violation of the preliminary injunction, which permits ELN to make only those disbursements that are necessary for the day-to-day operations of the company.

Plaintiffs further argue that ELN's balance sheets for February 10, 2007, through

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

March 10, 2007, indicate that ELN transferred $40,000 to Worldwide Network, Inc. ("Worldwide"), which is also subject to the preliminary injunction. Id. ¶ 8, Exs. 23, 24. Plaintiffs contend that this transfer of funds, and ELN's and Farid Meshkatai's failure to disclose this transfer, constitute violations of the preliminary injunction order.

The Meshkatai defendants respond that it has been determined that ELN's March 2007 balance sheet is incorrect and that ELN's prior balance sheets are likely incorrect as well. Meshkatai Decl. ¶ 13. The Meshkatai defendants assert that these mistakes were inadvertent and resulted from the circumstance that these financial reports were prepared by an employee of ELN without a background in accounting. Id. ¶ 14.

The Meshkatai defendants further aver that the transfer of $40,000 from ELN to Worldwide was a short term loan, made on February 14, 2007, and repaid on February 20, 2007. Id. ¶¶ 23-24, Exs. H-I. They maintain that this loan did not violate the preliminary injunction.

The Meshkatai defendants' arguments are not persuasive. To begin with, the contention that the preliminary injunction did not prohibit the short term loan from ELN to Worldwide is wrong because the injunction plainly states that defendants may not transfer any subject funds. The fact that these funds were repaid is immaterial.

Additionally, the Meshkatai defendants' explanation that the erroneous accountings provided to this Court in regard to ELN's finances were the product of their innocent mistakes is not a defense to their violation of the preliminary injunction order. As stated *supra*, a defendant's good faith efforts to comply with a court order are immaterial to a determination of whether the defendant should be held in contempt of court. Moreover, Meshkatai defendants' averment that it is "likely" that many of ELN's other financial disclosures are inaccurate suggests that their violations of the preliminary injunction are even greater than has already been revealed. The unreliability of the Meshkatai defendants' financial disclosures prevent the Court from adequately monitoring the use and preservation of funds which are subject to a protective order.

For the foregoing reasons, the Court finds and concludes that both ELN and Farid Meshkatai violated the preliminary injunction order, and it hereby holds them in contempt of court. The Court hereby orders ELN and Farid Meshkatai to correct all past

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

inaccuracies in their financial disclosures and to make accurate reports to the Court in the future.

### III.   CONCLUSION

In accordance with the foregoing, the Court holds the Friedmans, ELN, and Farid Meshkatai in contempt of Court.

The Court hereby orders the Friedmans to pay to the Clerk of the Court the sum of $90,000 on the following terms and conditions: $6,000 per month until paid in full. Furthermore, the Court hereby orders ELN and Farid Meshkatai to correct all past inaccuracies in their financial disclosures and to make accurate reports to the Court in the future.
The Court orders that the nonmoving parties shall bear plaintiffs' reasonable attorneys' fees and costs as against the Friedmans, on the one hand, and as against ELN and Farid Meshkatai, on the other.

IT IS SO ORDERED.

**SCHEDULING CONFERENCE**:

The Court further confers with counsel and schedules the following dates:

Request for leave to file amended pleadings or to add parties: September 2, 2008;
Factual Discovery Cut-off: January 15, 2009;
Exchange of Expert Reports Cut-off: December 15, 2008;
Exchange of Rebuttal Reports Cut-off: January 15, 2009;
Last Day to File Motions: February 20, 2009;
Expert Discovery Cut-off: March 16, 2009;
Pretrial Conference/Hearing on Motions in Limine **(11:00 A.M.): April 20, 2009;** and
Jury Trial **(9:30 A.M.): May 19, 2009.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC.; ET AL. v. COLIN H. FRIEDMAN, ETC.; ET AL. | | |

00 : 37

Initials of Preparer    CMJ