UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 1, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Defendants' Motion for an Order (1) Permitting Colin Friedman to Sell Maserati and (2) Permitting the Kramer Family Trust to Loan Money to Colin Friedman to Purchase a Replacement Vehicle** (filed 9/12/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 6, 2008, is hereby vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

The facts and procedural history of this action are known to the parties and summarized in the Court's May 31, 2007 order granting in part and denying in part the Spector defendants' motion for summary judgment.

Plaintiffs, Fidelity National Financial, Inc. and Fidelity Express Network, Inc., are judgment creditors on a $13.5 million judgment awarded to plaintiffs on June 18, 2002, against defendants Colin and Hedy Friedman ("the Friedmans") and Farid Meshkatai and Anita Kramer Meshkatai ("the Meshkatais") in <u>Fidelity Nat'l Fin., Inc. et al. v. Friedman, et al.</u>, Case No. CV 00-06902-GAF. Plaintiffs were able to collect only a nominal amount from the judgment debtors despite serving over ten levy and garnishment orders on judgment debtors' bank accounts and businesses. On July 6, 2006, plaintiffs filed a complaint in the present action, alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"); fraudulent conveyance in violation of California Civil Code § 3439.04 (the California Fraudulent Transfer Act); and conspiracy to defraud creditors against seven judgment debtor defendants and fifteen other persons and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 1, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

entities.[1]  Compl. ¶¶ 27-32.  On May 31, 2007, the Court granted in part defendants' motion for summary judgment, dismissing plaintiffs' RICO and conspiracy claims against defendant Medhi Ektefaie.

On January 11, 2007, the Court granted plaintiffs' motion for preliminary injunction freezing defendants' assets, thereby enjoining defendants from withdrawing, transferring, assigning, conveying, pledging, hypothecating, dissipating, mortgaging, or disposing of in any manner the funds in their possession and any funds, assets, realty or personalty, tangible or intangible, choses in action, or other property received, directly or indirectly, by defendants.  January 11, 2007 Order 15-16.  On September 11, 2007, the Ninth Circuit Court of Appeals affirmed the Court's preliminary injunction order.

On September 12, 2008, defendants Colin Friedman ("Friedman") and the Kramer Family Trust filed the instant motion for an order (1) permitting Friedman to sell his Maserati and (2) permitting the Kramer Family Trust to loan money to Friedman to purchase a replacement vehicle.  Plaintiff filed an opposition on September 22, 2008.  A reply was filed on September 29, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.     DISCUSSION**

Defendants allege that Friedman purchased the 2005 Maserati Quattroporte at issue on August 26, 2005 for $110,650, using funds loaned to him by the Kramer Family Trust.

---

[1] The following are named defendants in plaintiffs' complaint: Colin H. Friedman, individually and as trustee of the Friedman Family Trust UDT; Hedy Kramer Friedman, individually and as trustee of the Friedman Family Trust UDT; Farid Meshkatai; Anita Kramer Meshkatai, individually and as trustee of the Anita Kramer Living Trust; Steven Spector, as trustee of the Kramer Family Trust, the Friedman Insurance Trust, the Negev Trust, the Brendon Friedman Trust, the Jason Friedman Trust, and the Elan Yosef Meshkatai and Arianna Meshkatai Irrevocable Trust; Lorraine Ross, as trustee of the Friedman Insurance Trust; Space Planners LLC, d/b/a Closets by Design; Azura International LLC; Worldwide Network, Inc.; Executive-Worldwide Inc.; Executive Legal Network, Inc.; KZE Attorney Service, Inc.; Worldwide Reprographics, Inc. d/b/a Simplex Reprographics; and Medhi Ektefaie.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 1, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

Mot. at 1. Defendants further allege that the full balance of the loan ($110,650) remains outstanding, and that the Kramer Family Trust has a lien on the Maserati. Mot. at 1, 3. Defendants believe that the Maserati could sell for between $52,000 and $79,000, and Friedman requests to use the funds obtained from the sale of the Maserati to pay off a portion of the loan balance owed to the Kramer Family Trust.[2] Mot. at 1.

Defendants argue that such a course of action would further the purpose of the Court's January 11, 2007 injunction, in that it would prevent the Kramer Family Trust from losing assets due to the further depreciation of the Maserati, and would allow Friedman to decrease his liability to the Kramer Family Trust. Mot. at 1-2. In addition, defendants argue, it would allow Friedman to save money by lowering his expenses for vehicle insurance, registration, maintenance, and fuel. Mot. at 3.

In addition, defendants request that the Court grant permission to the Kramer Family Trust to loan no more than $28,000 to Friedman to allow him to purchase a replacement vehicle. Mot. at 2. The replacement vehicle, defendants argue, is necessary to allow Friedman to commute to work, as health problems prevent him from relying on public transportation. Mot. at 3. They further argue that Friedman would be unable to purchase a replacement vehicle without a loan from the Kramer Family Trust, because Friedman earns a modest salary, has no savings and has poor credit, and the Kramer Family Trust is no longer disbursing monthly support payments to him. Mot. at 4.

Plaintiffs, however, argue that defendants' request is part of a scheme to evade plaintiffs' judgment. Opp'n at 3. Plaintiffs argue that the alleged loan made by the Kramer Family Trust to Friedman to purchase the Maserati was fraudulent, as there are no loan records for the transaction, Friedman has made no repayments to the Kramer Family Trust, and Friedman is listed as the sole legal owner of the Maserati.[3] Opp'n at 3. The claim that the Kramer Family Trust has a lien on the Maserati, plaintiffs argue, was manufactured for the purpose of preventing plaintiffs from obtaining proceeds from the

---

[2] However, defendants' reply states that the Kramer Family Trust is willing to use part of the proceeds from the sale of the Maserati to pay the $4,878.66 in sanctions awarded against Friedman on September 9, 2008.

[3] Friedman, however, submits a loan agreement, and argues that the loan documents were previously produced to Fidelity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 1, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

sale of the vehicle.  Opp'n at 3.  Furthermore, plaintiffs allege that, in seeking to pay the proceeds from the sale of the Maserati to the Kramer Family Trust, Friedman's purpose is to extract additional money from the Kramer Family Trust, which recently ceased paying support payments to the Friedmans because it has no liquid assets remaining with which to do so.  Opp'n at 5.

Furthermore, plaintiffs argue that, contrary to defendants' assertion, there is no evidence that Friedman needs a loan from the Kramer Family Trust to purchase a replacement vehicle.  Opp'n at 5.  Plaintiffs argue that there is insufficient objective evidence that Friedman is unable to take public transportation or some other alternative means of transportation to work, and that regardless, Friedman's current salary is sufficient to allow him to purchase a used car without obtaining a loan.  Opp'n at 6.

The Court agrees with plaintiffs that, far from furthering the purpose of the injunction, granting defendants' motion would allow defendants to further evade plaintiffs' judgment.  First, granting the motion would prevent plaintiffs from collecting proceeds from the sale of the Maserati.  Second, it would allow the Friedmans to further extract money from the Kramer Family Trust, which recently ceased disbursing monthly support payments to the Friedmans because it has no liquid assets remaining that have not been frozen by the Court.  See Declaration of Steven Spector in Support of Defendants' Mot. ¶ 6; Declaration of Colin H. Friedman in Support of Defendants' Mot. ¶ 14.  The Court would be willing to grant Friedman permission to sell the Maserati only in the event that all proceeds from such a sale were transferred directly to plaintiffs.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for an order (1) permitting Friedman to sell his Maserati and (2) permitting the Kramer Family Trust to loan money to Friedman to purchase a replacement vehicle.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |