UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 23, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                           Not Present

**Proceedings:** (In Chambers): Defendants' Motion to Sell Timeshare (filed 10/2/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 27, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

The facts and procedural history of this action are known to the parties and summarized in the Court's May 31, 2007 order granting in part and denying in part the Spector defendants' motion for summary judgment.

Plaintiffs, Fidelity National Financial, Inc. and Fidelity Express Network, Inc., are judgment creditors on a $13.5 million judgment awarded to plaintiffs on June 18, 2002, against defendants Colin and Hedy Friedman ("the Friedmans") and Farid Meshkatai and Anita Kramer Meshkatai ("the Meshkatais") in Fidelity Nat'l Fin., Inc. et al. v. Friedman, et al., Case No. CV 00-06902-GAF. Plaintiffs were able to collect only a nominal amount from the judgment debtors despite serving over ten levy and garnishment orders on judgment debtors' bank accounts and businesses. On July 6, 2006, plaintiffs filed a complaint in the present action, alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"); fraudulent conveyance in violation of California Civil Code § 3439.04 (the California Fraudulent Transfer Act); and conspiracy to defraud creditors against seven judgment debtor defendants and fifteen other persons and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 23, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

entities.[1]  Compl. ¶¶ 27-32.  On May 31, 2007, the Court granted in part defendants' motion for summary judgment, dismissing plaintiffs' RICO and conspiracy claims against defendant Medhi Ektefaie.

On January 11, 2007, the Court granted plaintiffs' motion for preliminary injunction freezing defendants' assets, thereby enjoining defendants from withdrawing, transferring, assigning, conveying, pledging, hypothecating, dissipating, mortgaging, or disposing of in any manner the funds in their possession and any funds, assets, realty or personalty, tangible or intangible, choses in action, or other property received, directly or indirectly, by defendants.  January 11, 2007 Order 15-16.  On September 11, 2007, the Ninth Circuit Court of Appeals affirmed the Court's preliminary injunction order.

On October 2, 2008, the Meshkatais filed the instant motion to sell their timeshare.  Plaintiffs filed a notice of non-opposition on October 13, 2008.  A reply was filed on October 20, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.   DISCUSSION**

The Meshkatais state that they purchased the timeshare at issue for $63,800 on March 2, 2000.  Mot. at 1.  The Meshkatais allege that the timeshare is currently estimated to be worth $31,560, and that the value will likely decrease over the coming years due to decreasing property values in southern California.  Mot. at 4-5.  The

---

[1] The following are named defendants in plaintiffs' complaint: Colin H. Friedman, individually and as trustee of the Friedman Family Trust UDT; Hedy Kramer Friedman, individually and as trustee of the Friedman Family Trust UDT; Farid Meshkatai; Anita Kramer Meshkatai, individually and as trustee of the Anita Kramer Living Trust; Steven Spector, as trustee of the Kramer Family Trust, the Friedman Insurance Trust, the Negev Trust, the Brendon Friedman Trust, the Jason Friedman Trust, and the Elan Yosef Meshkatai and Arianna Meshkatai Irrevocable Trust; Lorraine Ross, as trustee of the Friedman Insurance Trust; Space Planners LLC, d/b/a Closets by Design; Azura International LLC; Worldwide Network, Inc.; Executive-Worldwide Inc.; Executive Legal Network, Inc.; KZE Attorney Service, Inc.; Worldwide Reprographics, Inc. d/b/a Simplex Reprographics; and Medhi Ektefaie.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 23, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

Meshkatais allege that the timeshare is not subject to any loans or mortgages and that there are currently no liens on the timeshare. Mot at 3. Therefore, the Meshkatais allege, they would receive all proceeds from the sale of the timeshare. Mot. at 3.

The Meshkatais seek to sell the timeshare in order to pay their bills and decrease their obligations to creditors. Mot. at 1. The Meshkatais also state their intention to use part of the proceeds to pay $15,190.42 in attorneys' fees to plaintiffs, which were awarded by this Court on September 8, 2008. Furthermore, the Meshkatais argue that selling the timeshare will maximize their assets, as they will no longer be obligated to pay the annual homeowner's fees on the timeshare of $2,980. Mot. at 4.

Plaintiffs state that they do not object to the Meshkatais selling their timeshare, because plaintiffs have filed liens and abstracts of judgment on the timeshare, based on plaintiffs' fraud and attorneys' fee judgments against the Meshkatais. Opp'n at 1. Accordingly, they argue, the proceeds from any sale of the timeshare will go directly to plaintiffs. Opp'n at 1. Plaintiffs argues that the Court should ignore the statements in the Meshkatais' motion regarding how they intend to spend the proceeds from the sale, stating that, because of their liens on the timeshare, plaintiffs have sole authority to determine how the proceeds will be credited toward the liens.

In their reply, the Meshkatais state that they were unaware of plaintiffs' lien on the timeshare at the time that they filed their motion, claiming that the lien was not served on the Meshkatais or their counsel. Reply at 1. The Meshkatais state that they do not object to the funds from the sale being paid to plaintiffs pursuant to the lien. Reply at 1. However, they request that the Court allow $14,440.42 of the sale proceeds to be paid to plaintiffs specifically in satisfaction of the remaining balance of the September 8, 2008 sanctions award. Reply at 2. The Meshkatais state that if they are not permitted to use the proceeds of the sale to satisfy the sanctions, they will not proceed with the sale of the timeshare. Reply at 2.

Because plaintiffs do not oppose the sale of the timeshare, and because all of the proceeds from the sale of the timeshare will go to plaintiffs, the Court finds that granting the Meshkatais' motion is appropriate. The Court further grants the Meshkatais' request that $14,440.42 of the sale proceeds specifically be credited to the remaining balance of the September 8, 2008 sanction award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | October 23, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Meshkatais' motion to sell their timeshare.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |