UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 5, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**    (In Chambers:) Defendants' Supplemental *Ex Parte* **Application to Refinance the Huntress Property** (filed 12/23/2008)

**I.    INTRODUCTION AND BACKGROUND**

The facts and procedural history of this action are known to the parties and summarized in the Court's May 31, 2007 order granting in part and denying in part the Spector defendants' motion for summary judgment.

On November 19, 2008, the Kramer Family Trust ("the Trust"), the Friedmans, and the Meshkatais (collectively, "defendants") filed an *ex parte* application to refinance the Arizona residence currently inhabited by the Friedmans (the "Huntress property"), and to use a portion of the proceeds to (1) pay off the existing fully-matured mortgage loan on the Huntress property, (2) pay a portion of the professional fees incurred by defendants in this action, and (3) pay the outstanding $90,000 sanctions award against the Friedmans, or, in the alternative, make a loan to the Friedmans so that they may pay the sanctions award. .

In their November 19, 2008 *ex parte* application, defendants argued that the Huntress property is owned by the Trust, and that it would therefore be inconsistent with well-settled trust law to require all proceeds from the refinance of the Huntress property to be remitted to Fidelity, because (1) the Trust is a spendthrift trust, managed by an independent trustee, Steven M. Spector ("Spector") who has discretion over whether to disburse funds to beneficiaries; (2) Fidelity holds no judgment against the Trust settlors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 5, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

or the Trust, which is the owner of the Huntress property; and (3) remitting funds to Fidelity would violate the express intentions of the trustors. The Court, however, found that, absent a more definitive showing that the Huntress property does in fact belong to the Trust, and that the Huntress property has not been subject to fraudulent transfers, the Court could not permit refinancing without a condition that all proceeds from refinancing be paid to Fidelity in satisfaction of the judgment. The Court stated that it might be willing to revisit this issue if defendants produced evidence demonstrating to the satisfaction of the Court that the Trust in fact owns the Huntress property and that the proceeds from any refinancing of the Huntress property are subject to the Trust's spendthrift provision.

On December 23, 2008, defendants filed the instant supplemental *ex parte* application to refinance the Huntress property. Fidelity filed an opposition on December 30, 2008. Defendants filed a reply on January 2, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    DISCUSSION**

To support its position that the Trust does, in fact, own the Huntress property, defendants state that the Trust purchased the Huntress property in an arms-length transaction from Becky Stevens, who has no relation to the Friedmans. Mot. at 1-2; Declaration of Steven M. Spector ("Spector Decl.") ¶ 3. Defendants state that the Friedmans did not contribute any funds toward the purchase of the Huntress property. Mot. at 2; Spector Decl. ¶ 4. Defendants also submit a 36-month chain of title report, which, they argue, establishes that the Huntress property is currently owned by the Trust and was not previously owned by the Friedmans. Mot. at 2; Spector Decl., Ex. B.

Defendants state that the Huntress property was purchased as part of a tax free exchange in connection with the sale of property located at 7387 E. Vaquero Drive, Scottsdale, Arizona (the "Vaquero property"), which, defendants argue, was also owned by the Trust. Mot. at 2; Spector Decl. ¶ 8. Defendants state that, because the sale of the Huntress property closed prior to the sale of the Vaquero property, the Trust was required to pay the entire purchase price up front, which they did using funds from (1) the Kramer Family Trust Smith Barney Account; (2) the Anna and Noach Kramer Irrevocable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 5, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

Insurance Trust; and (3) Webster Investments, L.P. Mot. at 3.

     Defendants state that the Vaquero property was purchased by the Trust in November 2002 for $620,000. Mot. at 4; Declaration of Colin H. Friedman ("Friedman Decl.") ¶ 5. Defendants argue that the Vaquero property was purchased with (1) money from a bank account held by the Kramer Family Trust; (2) a loan obtained by Anna Kramer, trustor of the Trust; and (3) funds from the Insurance Trust. Mot at 5; Friedman Decl. Exs. B, C, D. Defendants argue that the chain of title report for the Vaquero property demonstrates that the Friedmans did not at any time own the Vaquero property. Mot at 5; Friedman Decl. Ex. E. This series of deeds submitted by defendants purport to show that the Vaquero property was conveyed from Stephen Glucksman and Melanie Rose to Anna Kramer, who subsequently conveyed the property to Anna Kramer, as Trustee of the Kramer Family Trust. Pl's Ex. E.

     Defendants reiterate their argument that, because the Trust is a spendthrift trust, the Trust's property is not subject to claims by the beneficiaries' creditors. Mot. at 5. Defendants argue that, because the proceeds of the Huntress property refinancing would be derived from property that is part of the Trust estate, such proceeds are subject to the spendthrift provision of the Trust, and therefore may not be remitted to Fidelity to satisfy the judgment. Mot. at 6.

     Fidelity, however, argues that the evidence shows, and that Fidelity will show at trial, that the Huntress property is owned by the Friedmans, not the Trust, because the Trust is a mere alter ego of the Friedmans. Opp'n at 6. Fidelity further argues that the evidence submitted by defendants actually indicates that the Friedmans, not the Trust, owned the Vaquero property, and that therefore, the Huntress property was purchased with assets which the Friedmans fraudulently transferred to the Trust. Mot. at 8. Defendants note that the purchase contract for the Vaquero property lists Hedy and Colin Friedman as the "Buyer/Tenant" of the property. Mot. at 8; Pl's Ex. A. Fidelity also notes that the receipt for the down payment on the Vaquero property lists Hedy and Colin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 5, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

Friedman on the "received of" line.[1]  Opp'n at 8; Pl's Ex. B.  On neither document is the Trust listed as the purchaser of the Vaquero property.  Opp'n at 8.  Fidelity also submits a September 26, 2006 document signed by Spector, Trustee of the Trust, instructing the Escrow Agent for the Huntress property to disburse proceeds directly to Colin Friedman at closing.[2]  See Declaration of Janice M. Kroll ("Kroll Decl.") Ex. 3.  Fidelity also submits a May 28, 2006 email from Hedy Friedman to Spector, in which she states "After much consideration, Colin and I have put in an offer to purchase a new home . . .  You should be receiving a contract with the Kramer Family Trust name on it . . . The transaction requires a $50,000 deposit, so we will be emailing you wire instructions for the escrow company."  Opp'n at 9; Kroll Decl. Ex. 1.  In a follow up email written by Colin Friedman to Spector, Colin Friedman confirms that he will place "our house" [the Vaquero property] up for sale, and provides specific directions as to how Spector should fund the purchase of the Huntress property.  Opp'n at 9; Kroll Decl. Ex. 2.

Because defendants have failed to definitively demonstrate that the Huntress property and the funds used to purchase it were not subject to fraudulent transfers, and that the Friedmans did not exercise excessive control over these assets, the Court finds permitting refinancing of the Huntress property to be inappropriate.  As Fidelity argues, the mere fact that the Trust contains a spendthrift provision does not prevent the Court from continuing to enjoin the Trust's assets where evidence exists that defendants fraudulently transferred assets to the Trust or otherwise exercised excessive control over the Trust.[3]  See Opp'n. at 5.

---

[1] Defendants argue that the inclusion of the Friedmans' names on these documents is irrelevant, given that the Friedmans never took title to the property.  Reply at 5.

[2] In their reply, defendants argue that this document refers to the proceeds from one of the mortgages on the Huntress property, which was incurred for the purpose of making renovations to the property and disbursing funds to the Friedmans for their living expenses.  Reply at 6.

[3] Defendants argue that the Court's November 25, 2008 ruling was inconsistent with the Court's September 25, 2007 approval of the existing mortgage on the Huntress property.  Mot. at 6.  The Court disagrees.  Nothing in the September 25, 2007 order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 5, 2008 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES defendants' *ex parte* application to refinance the Huntress property.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

indicated that defendants would be later permitted to refinance the Huntress property and to use proceeds to pay attorneys' fees.  Mot. at 6.