UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 8, 2009 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) Defendants' Motion to Permit Use of Funds Paid for Worldwide Network and Worldwide Reprographics to Pay Attorneys' Fees** (filed 12/12/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 12, 2008, is hereby vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

The facts and procedural history of this action are known to the parties and summarized in the Court's May 31, 2007 order granting in part and denying in part the Spector defendants' motion for summary judgment.

Plaintiffs, Fidelity National Financial, Inc. and Fidelity Express Network, Inc., are judgment creditors on a $13.5 million judgment awarded to plaintiffs on June 18, 2002, against defendants Colin and Hedy Friedman ("the Friedmans") and Farid Meshkatai and Anita Kramer Meshkatai ("the Meshkatais") in Fidelity Nat'l Fin., Inc. et al. v. Friedman, et al., Case No. CV 00-06902-GAF. Plaintiffs were able to collect only a nominal amount from the judgment debtors despite serving over ten levy and garnishment orders on judgment debtors' bank accounts and businesses. On July 6, 2006, plaintiffs filed a complaint in the present action, alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"); fraudulent conveyance in violation of California Civil Code § 3439.04 (the California Fraudulent Transfer Act); and conspiracy to defraud creditors against seven judgment debtor defendants and fifteen other persons and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 8, 2009 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

entities.[1]  Compl. ¶¶ 27-32.  On May 31, 2007, the Court granted in part defendants' motion for summary judgment, dismissing plaintiffs' RICO and conspiracy claims against defendant Medhi Ektefaie.

On January 11, 2007, the Court granted plaintiffs' motion for preliminary injunction freezing defendants' assets, thereby enjoining defendants from withdrawing, transferring, assigning, conveying, pledging, hypothecating, dissipating, mortgaging, or disposing of in any manner the funds in their possession and any funds, assets, realty or personalty, tangible or intangible, choses in action, or other property received, directly or indirectly, by defendants.  January 11, 2007 Order 15-16.  On September 11, 2007, the Ninth Circuit Court of Appeals affirmed the Court's preliminary injunction order.

On February 6, 2007, the Court issued an order clarifying its preliminary injunction stating that "defendants are permitted to pay reasonable attorneys' fees and costs to defend this action, the underlying action before Judge Feess and the Arizona action."

On September 7, 2007, the Court granted defendant Steven Spector's application to sell Wordwide Networks and its affiliated businesses to ABC Legal, but ordered that sale proceeds be held in escrow pending further order of the Court.

On August 12, 2008, the Court denied defendants' *ex parte* application to permit use of funds paid for Worldwide for living expenses and attorneys' fees, finding that

---

[1] The following are named defendants in plaintiffs' complaint: Colin H. Friedman, individually and as trustee of the Friedman Family Trust UDT; Hedy Kramer Friedman, individually and as trustee of the Friedman Family Trust UDT; Farid Meshkatai; Anita Kramer Meshkatai, individually and as trustee of the Anita Kramer Living Trust; Steven Spector, as trustee of the Kramer Family Trust, the Friedman Insurance Trust, the Negev Trust, the Brendon Friedman Trust, the Jason Friedman Trust, and the Elan Yosef Meshkatai and Arianna Meshkatai Irrevocable Trust; Lorraine Ross, as trustee of the Friedman Insurance Trust; Space Planners LLC, d/b/a Closets by Design; Azura International LLC; Worldwide Network, Inc.; Executive-Worldwide Inc.; Executive Legal Network, Inc.; KZE Attorney Service, Inc.; Worldwide Reprographics, Inc. d/b/a Simplex Reprographics; and Medhi Ektefaie.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 8, 2009 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

defendants had failed to make the requisite showing that the requested funds were necessary to pay counsel or to pay living expenses.[2] See August 12, 2008 Order at 1.

On December 12, 2008, the Kramer Family Trust ("the Trust"), the Friedmans, and the Meshkatais (collectively, "defendants") brought the instant motion to allow the Trust to use the proceeds of the sale of the assets of the Worldwide Network, Inc. ("WNI") and Worldwide Reprographics, Inc. ("WR") (collectively, "Worldwide") to pay professional fees incurred in this action, a related action pending in the District of Arizona, and the underlying action pending before the Honorable Gary Feess in this District. Fidelity filed an opposition on December 29, 2008. A reply was filed on January 5, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II. DISCUSSION**

Defendants state that Trust is currently holding $88,000 in funds received from the sale of Worldwide to ABC Legal, and that ABC Legal remains indebted to the Trust for an additional $511,110.67, as well as for additional money totaling no less than $230,0000 based on work Worldwide has done for ABC Legal since the sale.[3] Mot. at 4. Defendants argue that they should be permitted to use these funds to pay their attorneys' fees.

To support their argument, defendants first argue that Fidelity holds no judgment against the Trust or the Trust's settlors. Mot. at 6. Defendants argue that holding any funds belonging to the Trust for the benefit of Fidelity would therefore violate the express intention of the trustors, which is controlling under Arizona and California law. Mot. at 6.

---

[2] In its order, the Court stated that defendants' assertion that they had obligations to pay former attorney Allen Hyman $266,857 contradicted defendants' previous statements wherein they had challenged the efficacy of Mr. Hyman's work and had declined to pay him. In this motion, defendants do not base their motion on fees owed to Mr. Hyman.

[3] Defendants state that ABC Legal has stopped making payments to the Trust. Mot. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 8, 2009 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

Defendants assert that defendants currently owe $620,173.55 in outstanding professional fees.[4] Mot. at 13; Bass Decl. ¶ 35; Walker Decl. ¶ 16; Spector Decl. ¶ 31; Stapke Decl. ¶ 2. Defendants argue that, if the instant motion is not granted, the Meshkatais, the Friedmans, the Trust, other trusts created by the Kramers, and business entities owned by the Trust will lose their representation in this action, the Arizona action, and the underlying action.[5] Mot. at 5-6. Furthermore, defendants state that the Trust may need to take legal action in order to obtain the outstanding debt owed them by ABC, but that Mr. Bass will be unable to represent the Trust in this action if he is not paid. Mot. at 14.

Defendants argue that their July and August 2008 accountings demonstrate that neither the Friedmans nor the Meshkatais can afford to pay the outstanding professional fees without a distribution from the Trust. Mot. at 14-15. Defendants argue that it is consistent with the preliminary injunction to allow the Trust to use the proceeds of the Worldwide sale to pay their attorneys' fees, given that the Court's February 6, 2007 order stated that "defendants are permitted to pay reasonable attorneys' fees and costs to defend this action . . ." Mot. at 17.

Fidelity however, argues that the Court should not permit defendants to use the Worldwide sale proceeds to pay defendants' attorneys' fees. First, Fidelity argues that, contrary to defendants' arguments, the spendthrift provisions of the trusts are invalid because the beneficiaries have excessive control over disbursement of trust assets. Opp'n at 6. Fidelity further argues that the Trust and defendants have spent millions of dollars on money-losing businesses, and have made hundreds of thousands of dollars in disbursements to Worldwide and Necessary Holdings, Inc., without disclosing

---

[4] Defendants state that David M. Bass is owed $533,302.21, Schain & Walker are owed $57,000, Phelps Consulting is owed $2,627.00, and Michelman & Robinson is owed $85,165.24.

[5] Defendants also argue that, because Fidelity has sought incarceration of the Friedmans in this action and the Meshkatai's in the underlying action due to their inability to pay sanctions awards, without representation, "the Friedmans and the Meshkatais could end up in what is essentially a debtor's prison." Mot. at 20-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | January 8, 2009 |
|---|---|---|---|
| Title | Fidelity National Financial, Inc., et al. v. Colin H. Friedman, et al. | | |

information regarding how the money was spent.[6][7]  Opp'n at 10.

　　　Because plaintiff has raised serious questions in this action as to whether defendants fraudulently concealed assets to avoid paying plaintiff's judgment and exercised excessive control over the Trust assets, the Court finds permitting the Worldwide sale proceeds to be used to pay attorneys' fees to be inappropriate.  The mere fact that the Trust contains a spendthrift provision does not prevent the Court from continuing to enjoin the Trust's assets, given the evidence that defendants fraudulently transferred assets to the Trust or otherwise exercised excessive control over the Trust.

**III.   CONCLUSION**

　　　For the foregoing reasons, the Court DENIES defendants' motion to permit use of funds paid for Worldwide Network and Worldwide Reprographics to pay attorneys' fees.
　　　IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[6] Defendants counter in their reply that the fact that defendants have not yet explained the loss of funds is immaterial, because they have not yet been required to explain it.

[7] Fidelity further argues that defendants have not adequately demonstrated that they cannot obtain additional employment to supplement their income, or that they could not decrease their monthly expenses in order to pay their attorneys' fees.  Opp'n at 11.