UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC., ET AL. v. COLIN H. FRIEDMAN, ETC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) Order Re: Choice of Law and Defendants' Motion in Limine No. 3

## I. INTRODUCTION AND BACKGROUND

The facts of this action are known to the parties and summarized in the Court's May 11, 2009 order regarding the parties' motions in limine. In defendants' motion in limine no. 3, filed March 30, 2009, defendants argued that under the California Uniform Fraudulent Transfer Act ("CUFTA"), Cal. Civ. Code § 3439.04(a)(1), Fidelity is time-barred from bringing evidence or argument regarding alleged fraudulent transactions that occurred prior to 2002. In its May 11, 2009 order, the Court rejected this argument, finding that under the CUFTA, Fidelity's claims were not time-barred. The Court therefore denied defendants' motion in limine no. 3 with regard to claims arising under California law. Defendants further argued that Arizona law applies to some of the transactions claimed by plaintiff, and that, under the Arizona Uniform Fraudulent Transfer Act ("AUFTA"), transactions prior to 2002 are time-barred. The Court noted that the choice of law issue had not been fully briefed, and that, therefore, the Court could not conclude whether Arizona law applied, and whether Fidelity's claims were barred under Arizona law. The Court therefore ordered further briefing.

On May 18, 2009, defendants Farid and Anita Meshkatai (the "Meshkatais") filed a supplemental brief. Fidelity filed an opposition on May 22, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC., ET AL. v. COLIN H. FRIEDMAN, ETC., ET AL. | | |

## II. DISCUSSION

In a diversity case, federal courts apply the substantive law of the forum in which the court is located, including the forum's choice of law rules. Therefore California's choice of law rules apply. Downing v. Abercrombie & Fitch, 265 F.3d 994, 1005 (9th Cir. 2001).

California applies a three step "governmental interest" analysis in determining choice of law questions:

> (1) the court examines the substantive laws of each jurisdiction to determine whether the laws differ as applied to the relevant transaction, (2) if the laws do differ, the court must determine whether a true conflict exists in that each of the relevant jurisdictions has an interest in having its law applied, and (3) if more than one jurisdiction has a legitimate interest … the court [must] identify and apply the law of the state whose interest would be more impaired if its law were not applied.

Downing, 265 F.3d at 1005.

Both the CUFTA and the AUFTA provide that, in general, an action involving fraudulent transfer made with actual intent to hinder or defraud a creditor must be brought within four years after the transfer was made. See Cal. Civ. Code § 3439.09(a); A.R.S. § 44-1009. However, both statutes also contain an alternative one-year discovery rule. Under the CUFTA, a claim may be brought more than four years after an alleged transaction occurred, if the claim is brought "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." See Cal. Civ. Code § 3439.09(a). Similarly, under the AUFTA, a claim may be brought more than four years after an alleged transaction occurred, if the claim is brought "within one year after the fraudulent nature of the transfer or obligation was or through the exercise of reasonable diligence could have been discovered by the claimant." See A.R.S. § 44-1009.

The CUFTA also contains a further provision, which states, that "[n]otwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC., ET AL. v. COLIN H. FRIEDMAN, ETC., ET AL. | | |

obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred." Cal. Civ. Code § 3439.09(c). The AUFTA does not contain a similar provision.

The Meshkatais argue first that there is a conflict of law, because California and Arizona apply the four-year statute of limitation differently with regard to plaintiffs who hold a judgment against a defendant. In Cortez v. Vogt, 52 Cal. App. 4th 917, 920 (1997), the court held that in cases brought pursuant to the CUFTA where plaintiffs have obtained an underlying judgment against defendants, the four-year statute of limitations does not begin to run until the date that the underlying judgment became final. In Arizona, by contrast, in Moore v. Browning, 203 Ariz. 102, 110 (AZ App. 2002), the court rejected the Cortez court's holding, finding that "[o]ther jurisdictions agree with our conclusion that the California Court of Appeal erred in ruling that the statute of repose period in UFTA is tolled until the creditor obtains a judgment."

The Meshkatais also note that in the Court's April 27, 2009 order denying defendant Investec Trust (Switzerland) S.A. ("ITSA")'s motion for summary judgment, the Court interpreted the holding of Cortez to apply to the seven-year statute of limitations provision of the CUFTA as well. Therefore, the Court held that CUFTA's seven-year statute of limitations was tolled until entry of the judgment. The Meshkatais note that the AUFTA, by contrast, does not contain a seven-year statute of limitations. The Meshkatais argue that this distinction is important, because

> the action was filed in 2006 and Plaintiffs are relying on the seven-year statute of limitations (further expanded by Cortez) set forth in the California statute in arguing that none of their claims is time-barred. In addition, because there is no seven-year limitations period in the Arizona statute and Plaintiffs obtained their judgment against the Meshkatais in 2002 (four years before the Complaint was filed in this action), any transactions that occurred more than four years before Plaintiffs filed their Complaint would be time-barred even if the Arizona courts had followed Cortez.

Br. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC., ET AL. v. COLIN H. FRIEDMAN, ETC., ET AL. | | |

Fidelity, however, argues that California and Arizona law do not differ as applied. The Court agrees. First, as stated above, both the CUFTA and AUFTA contain a one-year discovery rule, which permits a claim for fraudulent transfer to be brought within one year of discovery, even where such claims are brought more than four years after the transaction occurred. See Cal. Civ. Code § 3439.09(a) (claim may be brought "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant"); A.R.S. § 44-1009 (claim may be brought "within one year after the fraudulent nature of the transfer or obligation was or through the exercise of reasonable diligence could have been discovered by the claimant"). In its April 27, 2009 order denying ITSA's motion for summary judgment, the Court held "that Fidelity has adequately set forth a basis for its delay in discovering the alleged fraudulent transfers: namely, fraudulent concealment on the part of defendants;" because it found that the one-year discovery rule could apply to Fidelity's claims, the Court declined to find that Fidelity's claims were time-barred under the four-year statute of limitations. The same rationale applies under the AUFTA. Because Fidelity has adequately alleged fraudulent concealment, there is no reason to find that the one-year discovery rule could not apply to Fidelity's claims under Arizona law.

Furthermore, contrary to the Meshkatais' argument, the fact that there is no additional seven-year time bar under the AUFTA weighs in favor of a conclusion that no conflict exists between California and Arizona law as applied. The Court has previously determined that the CUFTA seven-year statute of limitations does not bar plaintiff's claims, because the statute was tolled until the underlying judgment became final. In Arizona, there is no additional statute of limitations. Therefore, although it is correct that Arizona law does not toll the statute of limitations for underlying judgments, such tolling is not necessary under Arizona law. As long as the claims are brought within one year of when the fraudulent nature of the transactions could have reasonably been discovered, they are not-time barred, even if more than seven years has passed since the transactions occurred. See, e.g., Moore v. Browning 203 Ariz. App. 102, 104-05 (2002) (stating that statute of limitations would not bar claim if plaintiffs could show that they did not discover fraudulent nature of transfers which occurred in 1989 earlier than one year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC., ET AL. v. COLIN H. FRIEDMAN, ETC., ET AL. | | |

before filing of complaint in 2001).[1]  Therefore, there is no conflict of law as applied in this action.  Defendants have failed to demonstrate that transactions that occurred prior to 2002 are barred under California or Arizona law.[2]

---

[1] The Meshkatais further argue that even if the one-year discovery rule is applied, evidence of transfers should be excluded if the transfers occurred more than four years before the date of discovery.  However, the Meshkatais provide no support for this argument, nor does this argument find any support in the CUFTA or the AUFTA.

[2] The Meshkatais further argue that California has no interest in applying its law to the transactions that are identified by plaintiff's expert report, because the Meshkatais have resided in Arizona since 1995 and the bank accounts from which the transfers in question were made were opened and maintained in Scottsdale, Arizona.  Mot. at 4; Meshkatai Decl. ¶ 2, 5-6.  Furthermore, the Meshkatais argue that, even if California did have an interest in having its laws applied, California's interest would be outweighed by Arizona's interest, because the transactions involve Arizona residents, were initiated in Arizona, involve property located in Arizona, and have no relation to California.  Br. at 4-5, citing Restatement (Second) Conflict of Laws, § 145(2) (relevant contacts applicable to issue of what law applies include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered").

Fidelity, however, argues that because Fidelity's fraudulent transfer claims arise from its enforcement and defendants' evasion of a California judgment, and because that judgment arises out of the sale of Express Network to Fidelity, which occurred in California, California's interest is greater.  Mot. at 4.  Furthermore, Fidelity argues that "California resident defendant Steven Spector, trustee of eight defendant trusts, authorized in California fraudulent transfers of multi-millions of dollars for the benefit of judgment debtors.  Defendants made innumerable fraudulent transfers in the conduct of their asset protection scheme to, from, and between California resident defendants Legal Network, Inc., Worldwide Network, Inc., Executive-Worldwide Inc., KZE Attorney Service Inc., Worldwide Reprographics, Inc., and Necessary Holdings, Inc., Lorraine Ross and Mehdi Ektefaie.  Mot. at 5.  Because the Court determines herein that there is no conflict as applied between the CUTFA and the AUFTA, the Court need not reach this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4271 CAS (JWJx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | FIDELITY NATIONAL FINANCIAL, INC., ET AL. v. COLIN H. FRIEDMAN, ETC., ET AL. | | |

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion in limine no. 3.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

issue.