O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, and FIDELITY EXPRESS NETWORK, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>COLIN H. FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; HEDY KRAMER FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987; FARID MESHKATAI, an individual; ANITA KRAMER MESHKATAI, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987; STEVEN SPECTOR, as trustee of the Kramer Family Trust, the Friedman Insurance Trust, the Negev Trust, the Brendon Friedman Trust, the Jason Friedman Trust, the Elan Meshkatai Irrevocable Trust, the Arianna Meshkatai Irrevocable Trust, the Anna and Noach Kramer Insurance Irrevocable Trust (1992), and the Aries Trust; LORRAINE ROSS, as trustee of the Friedman Insurance Trust; SPACE PLANNERS LLC, dba CLOSETS BY DESIGN, an Arizona limited liability company; | Case No. CV 06-4271 CAS (JWJx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S CLAIM TO SET ASIDE/INVALIDATE THE SPENDTHRIFT PROVISIONS OF DEFENDANT TRUSTS** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16 | AZURA INTERNATIONAL LLC, an Arizona limited liability company; WORLDWIDE NETWORK, INC., a California corporation; EXECUTIVE-WORLDWIDE INC., a California corporation; EXECUTIVE LEGAL NETWORK, INC., a California corporation; KZE ATTORNEY SERVICE, INC., a California corporation, WORLDWIDE REPROGRAPHICS, INC., doing business as SIMPLEX REPROGRAPHICS, a California corporation; NECESSARY HOLDINGS, INC., a California corporation; MEDHI EKTEFAIE, an individual; ZELMAN KREMMERMAN and/or INVESTEC TRUST (SWITZERLAND), S.A., as trustee(s) for the Zodiac Trust; TRUSTEE of the Noach Kramer Swiss Trust; RTC NOMINEES AG; the KRAMER FOUNDATION; SERGE RICHARDS; and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br>_____ |

Plaintiffs, Fidelity National Financial, Inc. and Fidelity Express Network, Inc. (collectively, "Fidelity"), are judgment creditors on a $13.5 million judgment awarded to plaintiffs on June 18, 2002, against defendants Colin and Hedy Friedman ("the Friedmans") and Farid Meshkatai and Anita Kramer Meshkatai ("the Meshkatais") in <u>Fidelity Nat'l Fin., Inc. et al. v. Friedman, et al.</u>, Case No. CV 00-06902-GAF. Plaintiffs were able to collect only a nominal amount from the judgment debtors despite serving over ten levy and garnishment orders on judgment debtors' bank accounts and businesses. On July 6, 2006, plaintiffs filed the present action, alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"); fraudulent conveyance in violation of California Civil Code § 3439.04 (the California Fraudulent

Transfer Act) ("CUFTA"); and conspiracy to defraud creditors against seven judgment debtor defendants and fifteen other persons and entities. Compl. ¶¶ 27-32. On January 9, 2007, plaintiffs filed a first amended complaint ("FAC"), adding a claim seeking to set aside the spendthrift provisions in the defendant trusts, and adding a number of additional parties as defendants, including Investec Trust (Switzerland) S.A. ("Investec"), as trustee for the Zodiac Trust. On July 23, 2007, Fidelity filed a second amended complaint ("SAC"), adding Mehdi Ektafaie as a defendant to the third claim for relief for fraudulent conveyance in violation of the CUFTA and terminating three unserved defendants.[1]

Trial of this case took place on January 5, 6, 7 and 8, 2010 and on January 12, 13, 14 and 15, 2010. Orlando F. Cabanday, Janice M. Kroll, and Thomas H. Case, of Hennelly & Grossfeld, LLP appeared as counsel for plaintiffs. Bart L. Kessel and Matthew I. Kaplan of Tucker Ellis & West, LLP appeared as counsel for Investec; Medhi Ektefaie appeared pro per; and David M. Bass and Janine F. Cohen of David M.

---

[1] The following are currently defendants in the instant action: Colin H. Friedman, individually and as trustee of the Friedman Family Trust UDT; Hedy Kramer Friedman, individually and as trustee of the Friedman Family Trust UDT; Farid Meshkatai; Anita Kramer Meshkatai, individually and as trustee of the Anita Kramer Living Trust; Joseph Etienne, as trustee of the Kramer Family Trust, the Friedman Insurance Trust, the Negev Trust, the Brendon Friedman Trust, the Jason Friedman Trust, and the Elan Yosef Meshkatai and Arianna Meshkatai Irrevocable Trust, the Anna and Noach Kramer Insurance Irrevocable Trust, and the Aries Trust (Steven Spector has resigned as trustee); Lorraine Ross, as trustee of the Friedman Insurance Trust; Space Planners LLC, d/b/a Closets by Design; Azura International LLC; Worldwide Network, Inc.; Executive-Worldwide Inc.; Executive Legal Network, Inc. ("ELN"); KZE Attorney Service, Inc.; Worldwide Reprographics, Inc. d/b/a Simplex Reprographics; Necessary Holdings, Inc.; Medhi Ektefaie; and Investec, as trustee for the Zodiac Trust.

1  Bass & Associates appeared as counsel for the remaining defendants. On January 15,
2  2010, the jury returned a verdict in favor of defendants on all claims tried to the jury.[2]

---

[2] Specifically, the Special Verdict Form asked the jury the following questions:

A.    First Claim for Relief—Civil RICO, 18 U.S.C. § 1962(a)
Do you find by a preponderance of evidence that any of the defendants have violated Civil RICO, section 1962(a)? Please answer "yes" or "no" as to each defendant.

C.    Second Claim for Relief—Civil RICO, 18 U.S.C. § 1962(c)
Do you find by a preponderance of evidence that any of the defendants have violated Civil RICO, section 1962(c)? Please answer "yes" or "no" as to each defendant.

E.    Third Claim for Relief—Civil RICO, 18 U.S.C. § 1962(d)
Do you find by a preponderance of evidence that any of the defendants have violated Civil RICO, section 1962(d)? Please answer "yes" or "no" as to each defendant.

G.    Fourth Claim for Relief—California Uniform Fraudulent Transfer Act, California Civil Code § 3439
Do you find by a preponderance of evidence that any of the defendants have violated the California Uniform Fraudulent Transfer Act? Please answer "yes" or "no" as to each defendant.

I.    Fifth Claim for Relief—Statutory Fraudulent Concealment, California Civil Code § 1710
Do you find by a preponderance of evidence that any of the defendants have violated the California fraudulent concealment statute? Please answer "yes" or "no" as to each defendant.

K.    Sixth Claim for Relief— Common Law Fraudulent Concealment
Do you find by a preponderance of evidence that any of the defendants have violated common law fraudulent concealment? Please answer "yes" or "no" as to each defendant.

M.    Seventh Claim for Relief—Conspiracy–Fraudulent Transfer
Do you find by a preponderance of evidence that any of the defendants have engaged in a conspiracy to violate the California Uniform Fraudulent Transfer Act? Please answer "yes" or "no" as to each defendant.

(continued...)

4

The fifth claim to set aside and invalidate the spendthrift provisions of all trust defendants based on the judgment debtors' alleged excessive control over disbursement of the trusts' assets was tried to the Court.

On February 17, 2010, plaintiffs filed an opening post-trial brief in support of the claim to set aside and invalidate the spendthrift provisions of all trust defendants. Defendants filed their post-trial briefs in opposition on March 10, 2010. Plaintiffs filed a reply on March 17, 2010. On April 5, 2010, the Court heard post-trial oral argument on this remaining claim for relief. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

I. **FINDINGS OF FACT**

    1.    Anita Meshkatai is the daughter of Noach and Anna Kramer.

    2.    Farid Meshkatai is the husband of Anita Meshkatai.

---

[2](...continued)

O.    Eighth Claim for Relief—Conspiracy–Statutory Fraudulent Concealment
Do you find by a preponderance of evidence that any of the defendants have engaged in a conspiracy to violate the California Fraudulent Concealment statute? Please answer "yes" or "no" as to each defendant.

Q.    Ninth Claim for Relief—Conspiracy–Common Law Fraudulent Concealment
Do you find by a preponderance of evidence that any of the defendants have engaged in a conspiracy to violate common law Fraudulent Concealment? Please answer "yes" or "no" as to each defendant.

As to each of these questions, the jury responded "no" for each defendant. In light of the fact that the jury found no liability as to each claim, the jury did not award any damages under the relevant questions (B), (D), (F), (H), (J), (L), (N), (P) and (R).

3. Hedy Friedman is the daughter of Noach and Anna Kramer.

4. Colin Friedman is the husband of Hedy Friedman.

5. Elan Meshkatai, Arianna Meshkatai, Jason Friedman, and Brendon Friedman are the grandchildren of Noach and Anna Kramer.

## THE KRAMER FAMILY TRUST

6. The Kramer Family Trust consists of three trusts: Trust A, Trust B, and Trust C. Ex. 329.

7. The Kramer Family Trust, Trust A is governed by an Amendment and Restatement Dated September 4, 2002.

8. The Kramer Family Trust, Trusts B and C are governed by the original Declaration of Trust of the Kramer Family Trust.

9. Kramer Family Trust, Trust A is governed by Arizona law.

10. Kramer Family Trust, Trusts B and C are governed by California law.

11. Kramer Family Trust A is a spendthrift trust.

12. Kramer Family Trusts B and C are spendthrift trusts.

13. The beneficiaries of the Kramer Family Trust, Trust A are Hedy Kramer Friedman and Anita Kramer Meshkatai. Should one of these beneficiaries be deceased, their living issue become beneficiaries.

14. The beneficiaries of the Kramer Family Trust, Trust B and C are Anita Kramer Meshkatai and Hedy Kramer Friedman. Should one of these beneficiaries be deceased, their living issue become beneficiaries.

15. Colin Friedman and Farid Meshkatai are not beneficiaries of the Kramer Family Trust.

6

16. The original trustees of the Kramer Family Trust were Anna and Noach Kramer.

17. Anna Kramer became the sole trustee of the Kramer Family Trust upon Noach Kramer's death.

18. Steven Spector became the trustee of the Kramer Family Trust in 2005. Mr. Spector testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

19. The beneficiaries have no rights under the Kramer Family Trust to direct disbursements of the trust's funds to themselves or for any other purpose.

20. Only the trustee shall determine what distributions will be made from the Kramer Family Trust.

## THE ANNA AND NOACH KRAMER IRREVOCABLE INSURANCE TRUST

21. The Insurance Trust is governed by a Declaration of Trust dated May 11, 1992.

22. The Insurance Trust is governed by California law. Ex. 330.

23. The Insurance Trust is a spendthrift trust and has always been a spendthrift trust.

24. The primary beneficiaries of the Insurance Trust are Hedy Kramer Friedman and Anita Kramer Meshkatai. Should one of these beneficiaries be deceased, their living issue become beneficiaries.

25. Colin Friedman and Farid Meshkatai are not beneficiaries of the Insurance Trust.

26. The original trustee of the Insurance Trust was Colin Friedman.

27. Colin Friedman resigned as trustee in 1997, at which time Norman Ross became the successor trustee.

28. In January 2004, Steven Spector was validly appointed as successor trustee of the Insurance Trust.

29. Between January 2004 and April 2009, Steven Spector acted as trustee of the Insurance Trust. Mr. Spector testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

30. Plaintiffs have made numerous judicial admissions that Steven Spector was the trustee of the Insurance Trust.

31. In June 2005, the Arizona Probate Court confirmed that the Insurance Trust is a spendthrift trust.

32. The beneficiaries have no rights under the Insurance Trust to direct disbursements of the trust funds to themselves or for any other purpose.

33. Only the trustee shall determine what distributions will be made from the Insurance Trust.

## THE NEGEV TRUST

34. The Negev Trust is governed by the Negev Trust Deed of Domestication.

35. The Negev Trust was domesticated on December 11, 2001.

36. Prior to domestication of the Negev Trust, Radcliffes Trustee Company S.A. was the trustee, and Zalman Kremerman was the Protector.

37. When the Negev Trust was domesticated, A. Steven Charney assumed the position of trustee and Colin Friedman assumed the position of Protector.

38. The Negev Trust is governed by Arizona law.

39. The Negev Trust is a spendthrift trust. Ex. 730.

40. Colin Friedman did not "create" the spendthrift provision in the Negev Trust.

41. Colin Friedman does not control the trustee of the Negev Trust.

42. The beneficiaries of the Negev Trust are Anita Kramer Meshkatai, Hedy Kramer Friedman, Jason Friedman, Brendon Friedman, Arianna Meshkatai, Elan Meshkatai, and their spouses.

43. In January 2004, Steven Spector became the trustee of the Negev Trust. Mr. Spector testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

44. The beneficiaries have no rights under the Negev Trust to direct disbursements of the trust funds to themselves or for any other purpose.

45. Only the trustee shall determine what distributions will be made from the Negev Trust.

## ARIES TRUST

46. The Aries Trust is governed by the Aries Trust Declaration of Amendment.

47. The Aries Trust is governed by California law.

48. The original trustee of the Aries Trust was Investec Trust (Switzerland), S.A.

49. The Aries Trust was created as a spendthrift trust. Ex. 1435.

50. The Aries Trust was domesticated in October 2004.

51. Steven Spector and Sanford Millar became the trustees of the Aries Trust when the Aries Trust was domesticated.

52. Sanford Millar resigned as trustee of the Aries Trust in November 2004, at which time Steven Spector became the sole trustee of the Aries Trust. Mr. Spector

9

testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

53. The domesticated Aries Trust is a spendthrift trust. Ex. 749.

54. Anita Meshkatai did not "create" the spendthrift provision in the Aries Trust.

55. Anita Meshkatai does not control the trustee of the Aries Trust.

56. The beneficiaries of the Aries Trust are Anita Meshkatai and her descendants.

57. The beneficiaries have no rights under the Aries Trust to direct disbursements of the trust funds to themselves or for any other purpose.

58. Only the trustee shall determine what distributions will be made from the Aries Trust.

## ELAN MESHKATAI TRUST

59. The Elan Meshkatai Trust is governed by the Elan Yosef Meshkatai Irrevocable Trust Agreement Dated March 4, 2004.

60. The Elan Meshkatai Trust is governed by Arizona law.

61. The original trustee of the Elan Meshkatai Trust was Steven Spector. Mr. Spector testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

62. Elan Meshkatai is the sole beneficiary of the Elan Meshkatai Trust.

63. Farid and Anita Meshkatai are not beneficiaries of the Elan Meshkatai Trust.

64. The Elan Meshaktai Trust is a spendthrift trust. Ex. 433.

65. Elan Meshkatai has no rights under the Elan Meshkatai Trust to direct disbursements of trust funds to himself or for any other purpose.

66. Elan Meshkatai's parents have no rights under the Elan Meshkatai Trust to direct disbursements of trust funds to themselves or for any other purpose.

67. Only the trustee shall determine what distributions will be made from the Elan Meshkatai Trust.

## ARIANNA MESHKATAI TRUST

68. The Arianna Meshkatai Trust is governed by the Arianna Kramer Meshkatai Irrevocable Trust Agreement Dated March 4, 2004.

69. The Arianna Meshkatai Trust is governed by Arizona law.

70. The original trustee of the Arianna Meshkatai Trust was Steven Spector. Mr. Spector testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

71. Arianna Meshkatai is the sole beneficiary of the Arianna Meshkatai Trust.

72. Farid and Anita Meshkatai are not beneficiaries of the Arianna Meshkatai Trust.

73. The Arianna Meshaktai Trust is a spendthrift trust. Ex. 434.

74. Arianna Meshkatai has no rights under the Arianna Meshkatai Trust to direct disbursements of trust funds to herself or for any other purpose.

75. Arianna Meshkatai's parents have no rights under the Arianna Meshkatai Trust to direct disbursements of trust funds to themselves or for any other purpose.

76. Only the trustee shall determine what distributions will be made from the Arianna Meshkatai Trust.

## JASON FRIEDMAN TRUST

77. The Jason Friedman Trust is governed by the Jason Ryan Friedman Irrevocable Trust Agreement Dated March 4, 2004.

78. The Jason Friedman Trust is governed by Arizona law.

79. The original trustee of the Jason Friedman Trust was Steven Spector. Mr. Spector testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

80. Jason Friedman is the sole beneficiary of the Jason Friedman Trust.

81. Colin and Hedy Friedman are not beneficiaries of the Jason Friedman Trust.

82. The Jason Friedman Trust is a spendthrift trust. Ex. 437.

83. Jason Friedman has no rights under the Jason Friedman Trust to direct disbursements of trust funds to himself or for any other purpose.

84. Jason Friedman's parents have no rights under the Jason Friedman Trust to direct disbursements of trust funds to themselves or for any other purpose.

85. Only the trustee shall determine what distributions will be made from the Jason Friedman Trust.

## BRENDON FRIEDMAN TRUST

86. The Brendon Friedman Trust is governed by the Brendon Dean Friedman Irrevocable Trust Agreement Dated March 4, 2004.

87. The Brendon Friedman Trust is governed by Arizona law.

88. The original trustee of the Brendon Friedman Trust was Steven Spector. Mr. Spector testified that as trustee, he complied with the terms of the trust, and made decisions for the trust in accordance with his fiduciary duties.

89. Brendon Friedman is the sole beneficiary of the Brendon Friedman Trust.

12

90. Colin and Hedy Friedman are not beneficiaries of the Brendon Friedman Trust.

91. The Brendon Friedman Trust is a spendthrift trust. Ex. 435.

92. Brendon Friedman has no rights under the Brendon Friedman Trust to direct disbursements of trust funds to himself or for any other purpose.

93. Brendon Friedman's parents have no rights under the Brendon Friedman Trust to direct disbursements of trust funds to themselves or for any other purpose.

94. Only the trustee shall determine what distributions will be made from the Brendon Friedman Trust.

## ZODIAC TRUST

95. The Zodiac Trust was formed on March 23, 2000 by Zalman Kremerman.

96. The Zodiac Trust was formed under the laws of Jersey, Channel Islands.

97. The Zodiac Trust Declaration of Trust provides in Sections 2.2.1 and 1.1.13 that the law governing the trust is that of Jersey, Channel Islands. Ex. 730.

98. The Zodiac Trust was created with $100 and the right to distributions from the Noach Kramer Foundation.

99. The Noach Kramer Foundation was the sole source of the funds of the Zodiac Trust.

100. Investec Trust (Switzerland) S.A. is the trustee of the Zodiac Trust.

101. Investec Trust (Switzerland) S.A. is part of the trust division of one of South Africa's largest financial institutions, Investec Limited.

102. The beneficiaries of the Zodiac Trust are: all lawful descendants of Noach Kramer; the spouses of all lawful descendants of Noach Kramer; Reisa Goldberg; I.

Rubin; Dr. Daniel Rieders; Nezhat Ilagha; Lily Levin; Zalman Kremerman; and Norman Ross.

103.   None of the Judgment Debtors are or ever have ever been trustees of the Zodiac Trust.

104.   None of the Judgment Debtors had the power to amend or terminate the Zodiac Trust.

105.   None of the judgment debtors controlled any Zodiac Trust funds.

106.   Investec made all decisions about the Zodiac Trust independently, without consulting with the Judgment Debtors.

107.   Investec had discretion to dispose of the Zodiac Trust assets in accordance with Section 8.1 of the trust instrument.

108.   Investec rejected requests for trust disbursements made on behalf of beneficiaries.

109.   Investec stopped making distributions from the Zodiac Trust to the Friedmans and Meshkatais once it learned of Fidelity's judgment in the underlying action.

110.   To the extent necessary, each of these findings of fact may be deemed to be a conclusion of law.

## II.   CONCLUSIONS OF LAW

### DEFENDANT TRUSTS (EXCLUDING THE ZODIAC TRUST)

111.   The governing Arizona statute regarding spendthrift provisions is the revised Arizona Trust Code, Ariz. Rev. Stat. §§ 14-10501, et seq.  See, Note 3 of the Historical and Statutory Notes following each pertinent provision of the revised Arizona Trust Code  ("This act applies to judicial proceedings concerning trusts commenced

before January 1, 2009, unless the court finds that application of a particular provision of this act would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties, in which case the particular provision of this act does not apply and the superseded law applies.").

112. Arizona law recognizes the validity of spendthrift trusts. See Ariz. Rev. Stat. §§ 14-10501(B) ("a trustee has no liability to any creditor of a beneficiary for any distributions made to or for the benefit of the beneficiary to the extent a beneficiary's interest is protected by a spendthrift provision . . .").

113. Under the revised Arizona Trust Code, the only time a spendthrift provision is unenforceable is against (i) a child support judgment, (ii) a judgment creditor who has provided services relating to the protection of a beneficiary's interest in the trust, or (iii) a claim of the state of Arizona or the United States. Ariz. Rev. Stat. § 14-10503. In addition, self-settled spendthrift trusts are prohibited. A trust is self-settled when the settlor of a trust is also its sole beneficiary. Id. § 14-10505.

114. Accordingly, the only spendthrift trusts that are unenforceable under current Arizona law are those that are self-settled.

115. The Arizona Trust Code allows the trustee of a trust to delegate functions to other individuals. A.R.S. § 14-10807.

116. Under the revised Arizona Trust Code the sole beneficiary of a spendthrift trust may also function as the sole trustee as long as the trust contains a discretionary distribution provision. See Ariz. Rev. Stat. § 14-10504(E).

117. Under the former Arizona statute, the sole beneficiary of a spendthrift trust could not be the sole trustee of the trust. Former Ariz. Rev. Stat. § 14-7706(A)-(B) (repealed January 1, 2009); In re Pugh, 274 B.R. 883, 885-86 (Bankr. D. Ariz. 2002).

118. Under prior Arizona law, spendthrift provisions in trusts were only held to be invalid where (a) the sole beneficiary was also the sole trustee, and/or (b) the trust was self-settled. In re Coumbe, 304 B.R. 378, 383 (B.A.P. 9th Cir. 2003); Pugh, 274 B.R. at 885-86. "The primary consideration in determining whether a trust qualifies as a spendthrift trust is the debtor's degree of control over his trust." In re Kaplan, 97 B.R. 572, 577 (B.A.P. 9th Cir. 1989).

119. During the time that Steven Spector was the trustee of the Trust Defendants, Arizona law provided that a spendthrift provision in a trust is valid even if a beneficiary has the power or right to consult with or direct the trustee concerning the investments of all or part of the trust assets. Former Ariz. Rev. Stat. § 14-7706(C).

120. To the extent that the revised Arizona Trust Code did not expressly overrule the common law rule prohibiting self-settled spendthrift trusts, a spendthrift trust may be held invalid "if the trustee(s), other than the beneficiary, is either not capable of exercising informed discretion as to distributions to the beneficiary . . . or does not in fact do so." Pugh, 274 B.R. at 887. "In the absence of such . . . discretion-exercising trustee, the beneficiary is in reality the sole trustee." Id.

121. California law recognizes the validity of spendthrift trusts. Cal. Prob. Code § 15301, et seq.

122. California law prohibits self-settled spendthrift trusts, meaning that a settlor of a spendthrift trust cannot also act as beneficiary of that trust. Cal. Prob. Code § 15304(a).

123. Courts interpreting California law have recognized the validity of spendthrift trusts. See, e.g., In re Moses, 167 F.3d 470, 473 (9th Cir. 1999); In re Segovia, 404 B.R. 896, 924 (N.D. Cal. 2009); In re Cutter, 398 B.R. 6, 20 (B.A.P. 9th

16

Cir. 2008); In re Witwer, 148 B.R. 930, 937 (C.D. Cal. 1992) ("California state law recognizes the general validity of spendthrift trusts.").

124. Cases applying California law in which a court either invalidated or considered invalidating a spendthrift provision as a result of the beneficiary's control over the trust fall into two categories: (1) self-settled trusts, and (2) ERISA or other retirement plans over which the beneficiary has control. See, e.g., Segovia at 927-28; Cutter at 20-21; Moses at 473; In re Atwood, 259 B.R. 158, 162 (B.A.P. 9th Cir. 2001).

125. The critical inquiry in determining whether a spendthrift trust is valid under California law is whether the trust's beneficiaries exercise excessive control over the trust. Moses, 167 F.3d at 473; Witwer, 148 B.R. at 937. California law does not allow a participant with excessive control over his or her trust to shield that trust with an anti-alienation provision lacking true substance. See Cutter, 398 B.R. at 20 (citing Moses, 167 F.3d at 473).

126. In deciding whether the spendthrift trust provision was valid, court have considered whether: (1) the trust was self-settled; (2) the beneficiary acted as trustee; (3) the beneficiary had the ability to terminate or amend the trust; and (4) the beneficiary had "unfettered access" to the trust funds. See, e.g., Atwood, 259 at 162.

127. The California Probate Code allows the trustee of a trust to delegate investment and management functions in the trustee's discretion. Cal. Prob. Code § 16052.

128. Neither California nor Arizona law prohibit a trustee from delegating certain investment and management functions to a beneficiary or spouse of a beneficiary.

129. Neither Arizona nor California prohibit the beneficiary of a spendthrift trust from serving as the trust's protector.

130. Neither Arizona nor California law prohibits a friend or relative of a beneficiary from being the trustee of a spendthrift trust.

131. None of the trusts is self-settled.

132. None of the trusts has a sole beneficiary that is also the sole trustee.

133. Although plaintiffs argue that the judgment debtors created a legal fiction of trustee control, such that the Court should overlook both the written provisions of the trusts purporting to give the trustees control over the assets and Mr. Spector's testimony that he retained control, the Court finds, as the jury did, Mr. Spector's testimony credible and that plaintiffs fail to demonstrate by a preponderance of the evidence that the beneficiaries of the defendant trusts exercised excessive control over the trust's assets.

134. Specifically, the beneficiaries of the Kramer Family Trust, Trust A; the Negev Trust; the Elan Meshkatai Trust; the Arianna Meshkatai Trust; the Jason Friedman Trust; and the Brendon Friedman Trust did not have excessive control of the trust's assets as the term "excessive control" is applied under Arizona law.

135. The beneficiaries of the Kramer Family Trust, Trust B and C; the Insurance Trust; and the Aries Trust did not have excessive control of the trust's assets as the term "excessive control" is applied under California law.

136. Therefore, the spendthrift provisions of each of the trusts are valid and enforceable.

137. The assets of the trusts are not assets of the beneficiaries and are not subject to Fidelity's judgment against the judgment debtors Colin Friedman, Hedy Friedman, Farid Meshkatai or Anita Meshkatai.

## ZODIAC TRUST

138. California law requires application of the law of Jersey, Channel Islands to the Zodiac Trust because the trust instrument has a choice of law provision. See, Ehrenclou v. MacDonald, 117 Cal. App. 4th 364, 369 (2004).

139. Arizona law requires application of the law of Jersey, Channel Islands to the Zodiac Trust because the trust instrument has a choice of law provision. In re Coumbe, 304 B.R. 378, 382, n.7 (B.A.P. 9th Cir. 2003).

140. The law of Jersey, Channel Islands governs the Zodiac Trust.

141. Spendthrift Trust provisions such as that in the Zodiac Trust are valid under Jersey law. See, Article 31 of the Trusts (Jersey) Law 1984.

142. Even if it could be said that California or Arizona law governs the Zodiac Trust, the judgment debtors do not have excessive control of Zodiac Trust's assets as the term "excessive control" is applied under California and Arizona law.

143. Investec is an independent trustee of the Zodiac Trust.

144. Section 8.1 of the Zodiac Trust instrument granted Investec absolute discretion to make decisions concerning trust assets, including disposition of those assets.

145. The spendthrift provisions in the Zodiac Trust are valid and enforceable.

146. Plaintiffs have produced no citation to any law from Jersey authorizing the setting aside of spendthrift trust provisions such as that in the Zodiac Trust.

147. Plaintiffs fail to demonstrate by a preponderance of the evidence that the spendthrift provisions of the Zodiac Trust should be set aside.

148. The spendthrift provisions of the Zodiac Trust shall be enforced.

149. To the extent necessary, each of these conclusions of law may be deemed to be a finding of fact.

## III. CONCLUSION

In accordance with the foregoing, the Court finds and concludes that the spendthrift provisions of all trust defendants are valid and enforceable, and shall not be set aside or invalidated.

IT IS SO ORDERED

Dated: June 17, 2010

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE